**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ORLANDO MAIRENA, | Nos. 09-72785 |
| | 09-74019 |
| Petitioner, | |
| | Agency No. A071-783-311 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of an Order of the
Board of Immigration Appeals and
an Order of the Department of Homeland Security

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

In these consolidated petitions for review, Jose Orlando Mairena, a native

and citizen of Nicaragua, petitions for review of the Department of Homeland

Security's order reinstating his 1995 deportation order under 8 U.S.C.

§ 1231(a)(5), and the Board of Immigration Appeals' order affirming without

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

opinion an immigration judge's ("IJ") decision denying his motion to recalendar removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

Contrary to Mairena's contention, reinstatement of his 1995 deportation order was not precluded by 8 C.F.R. § 241.8(d), because Mairena did not show that he filed an application for adjustment of status under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") before April 1, 2000. *See* NACARA, Pub. L. No. 105-100, § 202(a)(1)(A), 111 Stat. 2160, 2193 (1997).

The IJ properly construed Mairena's motion to recalendar as a motion to reopen, and did not abuse her discretion in denying that motion as untimely where Mairena filed the motion fourteen years after his in absentia deportation order was entered, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), and did not assert that he was entitled to equitable tolling of the filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

**PETITIONS FOR REVIEW DENIED.**

09-72785, 09-74019